UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY SCHOUEST, JR.                                            CIVIL ACTION

VERSUS                                                         NO. 23-1505

HOME DEPOT USA INC.                                            SECTION "R" (4)

## ORDER AND REASONS

Before the Court is plaintiff Larry Schouest, Jr.'s opposed[1] motion for relief from judgment[2] under Federal Rule of Civil Procedure 60(b). For the following reasons, the Court grants the motion.

## I.  BACKGROUND

Plaintiff Larry Schouest retained Soncerre Smith Clark to represent him in a suit against Home Depot arising from a slip and fall at a Home Depot store in March 2020.[3] On March 2, 2021, Clark sued Home Depot in the 21st Judicial District Court for the Parish of Tangipahoa. Case No. 2021-677. Home Depot filed an exception alleging insufficient service of process, and the court scheduled a hearing on the exception. After Clark filed no opposition to the exception and failed to attend the

---

[1]   R. Doc. 15.
[2]   R. Doc. 12.
[3]   *Id.*

hearing, the court granted Home Depot's exception and dismissed Schouest's suit without prejudice on May 2, 2022. Plaintiff represents in his motion that he was unaware that this suit was dismissed.[4]

Clark refiled Schouest's suit on May 5, 2022. Home Depot removed the case to this Court on May 4, 2023.[5] At the time of removal, Clark was not admitted to practice here.[6] On August 23, 2023, the Court ordered Clark to petition it for admission, substitution, or withdrawal of counsel on or before September 6, 2023, or show cause on that date by written memorandum why sanctions should not be imposed for failure to comply with Court directives.[7] The Court warned that failure to comply with these directives would result in the dismissal of the matter for failure to prosecute and additionally stated that the Clerk had already notified Clark that she must be admitted to practice in order to proceed with the case.[8] Clark failed to comply with the Court's directives, and on September 8, 2023, the Court dismissed the case without prejudice for plaintiff's failure to prosecute.[9]

---

4   R. Doc. 12-1 at 3.
5   *See* R. Doc. 1.
6   R. Doc. 12-1 at 4.
7   R. Doc. 9.
8   *Id.*
9   R. Doc. 10.

2

On September 6, 2024, plaintiff, through a new attorney, moved for relief from the Court's judgment under Rule 60 of the Federal Rules of Civil Procedure.[10] In support of his motion, plaintiff attests that he contacted or attempted to contact his attorney about the status of his case 42 times between April 2023 and February 2024.[11] He avers that he either received no response or was falsely told that the case was proceeding without issue.[12] He states that in August of 2023, his attorney told him falsely that she had taken care of the paperwork to be able to practice in federal court.[13] He further attests that when he contacted Clark in November of 2023, she told him that the case was going well and concealed that it had been dismissed in September 2023.[14] Plaintiff represents that he did not learn that his case had been dismissed until February of 2024, when he consulted another lawyer.[15] Plaintiff subsequently terminated Clark's representation and filed a complaint against her with the Louisiana Office of Disciplinary Counsel.[16]

---

[10]  *See* R. Doc. 12.
[11]  R. Doc. 12-2 ¶ 8.
[12]  *Id.* ¶¶ 7-9.
[13]  *Id.* ¶ 7.
[14]  *Id.*
[15]  *Id.* ¶ 11.
[16]  *Id.* ¶ 12.

3

Plaintiff states that to date, Clark has not responded to his inquiries about the dismissal of his case or his attorney's request for his file.[17]

Plaintiff now asks the Court to reconsider its dismissal of his case and argues that Clark's failure to notify plaintiff of the status of his case—and her deliberate concealment of the fact that the case had been dismissed because she was not admitted to practice in federal court—justifies relief under Rule 60(b) of the Federal Rules of Civil Procedure.[18]  Defendant Home Depot opposes.[19]

The Court considers the motion below.

## II.   LEGAL STANDARD

Rule 60(b) provides six grounds for which a district court may grant relief from a final judgment or order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[17]   *Id.* ¶ 10.
[18]   *Id.* at 8-14.
[19]   R. Doc. 15 at 2-4.

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the prerequisites for relief, and the district court enjoys broad discretion in assessing whether any of the grounds in Rule 60(b) is satisfied. *D.R.T.G. Builders, LLC v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 312 (5th Cir. 2022) (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)).

Relief under Rule 60(b) is an extraordinary remedy, which will be granted only if the moving party demonstrates "unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985); *see also In re Edwards*, 865 F.3d 197, 205 (5th Cir. 2017) ("[T]he movant must show . . . extraordinary circumstances exist that justify the reopening of a final judgment." (citation omitted)). Courts may construe the Rule "in order to do substantial justice" but must balance "the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Carter v. Fenner*,

136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

When determining whether Rule 60(b) relief is appropriate, a court must consider the following factors:

> (1) that final judgments should not be lightly disturbed, (2) that the Rule 60(b) motion is not to be used as a substitute for appeal, (3) that the rule should be liberally constructed to achieve substantial justice, (4) whether the motion was made within a reasonable time, (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense, (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense, (7) whether there are intervening equities that would make it inequitable to grant relief, and (8) any other factors relevant to the justice of the judgment under attack.

*Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)). Because "[t]runcated proceedings" are "not favored," *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981), Rule 60(b)'s "main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence," *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977).

6

## III. DISCUSSION

### A. Rule 60(b)(1)

Plaintiff brings this motion under Rule 60(b)(1) of the Federal Rules of Civil Procedure, which provides relief from final judgment dismissing a claim on the grounds of "mistake, inadvertence, surprise, or excusable neglect."[20] "Whether a party is entitled to relief for excusable neglect is a determination that is 'at bottom, an equitable one, taking account of all relevant circumstances.'" *Coleman Hammons Const. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 282-83 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). To determine whether there has been excusable neglect within the meaning of Rule 60(b)(1), courts "consider not only the nature of the neglect involved . . . and the excuse offered to explain it," but also "the severity of the dismissal sanction which has been imposed." *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 366, 386 (5th Cir. 1978). Courts additionally will consider "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

---

[20] R. Doc. 12-1 at 8.

control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

Clark's failure to seek admission does not constitute excusable neglect, and plaintiff is not entitled to relief under Rule 60(b)(1). Plaintiff seeks relief from his attorney's failure to seek admission to practice in federal court, arguing that he should be excused for his former counsel's carelessness, neglect, and disregard for a Court Order.[21] But the Fifth Circuit foreclosed this argument in *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993), holding that "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules." *Id.* at 357. Similarly, in *Pryor v. U.S. Postal Serv.*, 769 F.2d 281 (5th Cir. 1985), the Fifth Circuit rejected the contention that Rule 60(b)(1) relief was appropriate where a plaintiff was "deprived of his day in court solely because the mistakes and omissions of an indifferent counsel." *Id.* at 288 (affirming the denial of Rule 60(b)(1) relief from order of dismissal for want of prosecution). No matter "how unfair" it may seem, the Fifth Circuit held, the "mistakes of counsel, who is the legal agent of the client, are chargeable

---

[21]  R. Doc. 12-1 ¶¶ 9-10.

to the client." *Id.*; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (holding that there is "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client"). Clark's actions therefore do not constitute excusable neglect under Rule 60(b)(1).

### B. Rule 60(b)(6)

Nevertheless, the extraordinary circumstances of plaintiff's case merit relief under Rule 60(b)(6).[22] *See, e.g., Boughner v. Sec'y of Health, Ed. & Welfare, U.S.*, 572 F.2d 976, 977-78 (3d Cir. 1978) (affirming denial of 60(b)(1) relief for movants' allegations of their counsel's gross neglect, but reversing on the basis that the motion should have been granted under Rule 60(b)(6)); *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011) (denying Rule 60(b)(1) motion for counsel's neglect and inexplicable failure to respond to

---

[22] The "six categories" of Rule 60(b) relief "are 'mutually exclusive' from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015). As previously discussed, plaintiff's motion could not have been brought for mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1), nor could the Court construe plaintiff's motion to be seeking relief based on newly discovered evidence, Rule 60(b)(2), fraud, misrepresentation, or misconduct by an opposing party, Rule 60(b)(3), or that the judgment is either void, Rule 60(b)(4), or satisfied, released, or discharged, or based on an earlier reversed or vacated judgment, Rule 60(b)(5).

9

defendant's motion to dismiss but granting relief under Rule 60(b)(6)); *see also Smith v. Bounds*, 813 F.2d 1299, 1304-05 (4th Cir. 1987) (recognizing that although attorney's "serious and unexcused" neglect did not establish a client's "excusable neglect for the purposes of 60(b)(1)," in "some instances, appellate courts have employed the catch-all provision of [Rule 60(b)(6)] to order reconsideration of default judgments which resulted from neglect of counsel").

Under Rule 60(b)(6), a court may grant relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "To prevail in a Rule 60(b)(6) motion, the plaintiff must show that 'extraordinary circumstances' apply." *United States v. Planned Parenthood of Houston*, 570 F. App'x 386, 390 (5th Cir. 2014) (quoting *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012)); *see also Klapprott v. United States*, 335 U.S. 601, 613 (1949) (holding that Rule 60(b)(6) is applicable when the allegations of the moving party "set up an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on his part.").

Courts have found a "few narrowly defined situations that clearly present 'other reasons justifying relief,'" including "when there is gross neglect by counsel and an absence of neglect by the party." 11A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 2864 (3d ed.

2024); *see also Community Dental Services v. Tani*, 282 F.3d 1164, 1171 (9th Cir. 2002) (reversing denial of Rule 60(b)(6) relief because "conduct on the part of a client's alleged representative that results in the client's receiving practically no representation at all clearly constitutes gross negligence, and vitiat[es] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney"); *cf. Maples v. Thomas*, 565 U.S. 266, 281-83 (2012) (holding that an attorney's "unprofessional conduct" and "abandonment" was an "extraordinary circumstance" relieving a federal habeas petitioner from the consequences of a procedural default in state court because "a client cannot be charged with the acts or omissions of an attorney who has abandoned him").

Here, plaintiff shows not only gross neglect but also deception by his lawyer in the face of plaintiff's efforts to learn the status of his case. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit held that movants were entitled to relief under Rule 60(b)(6) due to a "confluence of a number of unusual circumstances" involving attorney negligence and movants' reliance on his false "assurances." *Id.* at 403. After counsel informed movants "that no action would be required of them unless and until he contacted them," he "subsequently 'withdrew' from the case" and failed to "appear at trial" without "being relieved as attorney of

11

record" or informing the movants of his decision. *Id.* at 403. Critically, movants "did not receive" a notice of trial and therefore remained uninformed of the status of the case. *Id.* As in *Seven Elves*, the Court finds that the unusual circumstances of Clark's gross neglect and active deception constitute "other reasons justifying relief" under Rule 60(b)(6). *See also Lal v. California*, 610 F.3d 518, 524-26 (9th Cir. 2010) (holding that attorney's gross negligence was an 'extraordinary circumstance' justifying relief from a judgment for failure to prosecute under Rule 60(b)(6) where counsel continued to tell the client that her case was moving forward after it had been dismissed); *United States v. Cirami*, 563 F.2d 26, 34 (2d Cir. 1977) (finding that the "constructive disappearance" of defendants' attorney by "neglect[ing] almost completely his clients' business while at the same time assuring them that he was attending to it" provided a basis for Rule 60(b)(6) relief).

Like movants' counsel in *Seven Elves, Inc.*, Clark failed to perform her basic duties as attorney while falsely assuring her client.[23] Schouest attests that Clark told him that she had taken care of the paperwork to be admitted in August 2023,[24] but did not do so, despite repeated warnings

---

23     *See* R. Doc. 12-2.
24     R. Doc. 12-2 ¶ 7.

12

from the Court.[25] And two months after the Court dismissed his case because of Clark's failure to seek admission, Clark continued to falsely represent to Schouest that the case was "going well" and proceeding without issue.[26]

Additionally, the Court cannot attribute counsel's negligence to any failure of the plaintiff to diligently assert his rights. *See Edward H. Bohlin Co., Inc.* 6 F.3d at 357 ("A party has a duty of diligence to inquire about the status of a case."). Schouest attests that he repeatedly inquired into the status of his case between April 2023 and February 2024, but that Clark either avoided him or lied.[27] *See Fuller*, 916 F.2d at 361 (affirming the grant of Rule 60(b)(6) relief to "avoid penalizing plaintiff, who displayed reasonable diligence in attempting to discover the status of his case, for the inexcusable misconduct of his attorney"); *cf. Canouse v. Protext Mobility, Inc.*, No. 22-1335, 2023 WL 3490915, at *2-3 (2d Cir. 2023) (affirming denial of Rule 60(b)(6) relief when movant "never made any effort to inquire with its counsel regarding the status of the district court's proceeding," even though counsel's "professional neglect with false assurances" amounted to "abandonment"). Given that plaintiff was not

---

[25] *See* R. Doc. 9.
[26] R. Doc. 12-2 ¶ 7.
[27] *Id.* ¶ 8.

13

independently notified about the dismissal,[28] his inquiries constituted reasonable diligence into the status of the case.

Moreover, Rule 60(b) relief would not be inequitable. *See, Seven Elves, Inc.*, 635 F.2d at 401 n.3 (describing Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses"). Plaintiff filed his motion within a reasonable time and the risk of prejudice is comparatively minimal. Defendant asserts that it would be prejudiced by the delay in litigation because of its inability to gather contemporaneous evidence or have plaintiff undergo a meaningful independent examination.[29] But defendant fails to attribute this prejudice to the roughly six-month period between when plaintiff discovered that the Court dismissed his case and the filing of the present motion, rather than the year-long period of litigation in state court that came before it.[30] Plaintiff took a reasonable time to obtain new counsel, seek a copy of his case file, and determine the full scope of his former counsel's misrepresentations in managing his case before he filed the present motion. *See Heirs-at-Law and Beneficiaries of Gilbert v. Dresser Industries, Inc.*, 158 F.R.D. 89, 96 (N.D. Miss. 1993) ("[W]here

---

[28]  R. Doc. 12-2 ¶¶ 7, 8 & 11; *see also* R. Doc. 12-1 at 5.
[29]  R. Doc. 15 at 4.
[30]  *See* R. Doc. 1-2 (filed on May 5, 2022).

prejudice is lacking, this circuit has expressly found a fourteen month delay acceptable under 60(b)." (citing *Johnson Waste Materials v. Marshall*, 611 F.2d 593 (5th Cir. 1980)); *see also Lal*, 610 F.3d at 526 (finding that a ten-month period between when plaintiffs were informed of dismissal was reasonable and their Rule 60(b)(6) motion did not prejudice the defendants).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for relief from judgment under Rule 60(b)(6). This Court's order on September 8, 2023, dismissing the case for failure to prosecute is hereby VACATED.

New Orleans, Louisiana, this __2nd__ day of December, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE