UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY SCHOUEST, JR.                          CIVIL ACTION

VERSUS                                       NO. 23-1505

HOME DEPOT AND ABC                           SECTION "R" (4)
INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is defendant Home Depot's opposed[1] motion for summary judgment.[2] The Court grants the motion.

## I. BACKGROUND

This case arises out of an alleged slip-and-fall at a Home Depot in Tangipahoa Parish, Louisiana. On March 10, 2020, plaintiff, while entering a Home Depot, fell.[3] It had rained on the date of the incident.[4]

Plaintiff filed this lawsuit in state court; defendants timely removed on May 4, 2023.[5] Defendant sent written discovery requests to Plaintiff, seeking photographs depicting the alleged condition of the floor.[6] Plaintiff has

---

[1]   R. Doc. 49.
[2]   R. Doc. 38.
[3]   R. Doc. 38, Exhibit B.
[4]   *Id.*
[5]   R. Doc. 1.
[6]   R. Doc. 38-2 at ¶ 4.

produced no photographs from the day of the incident.[7] Plaintiff has instead submitted to the Court photographs from four and five years later, which he and his wife, who was present the day of the incident, attest depict similar conditions.[8]

Defendant now moves for summary judgment.[9] Plaintiff opposes the motion.[10] The Court considers the motion below.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the evidence in the record without making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216

---

[7]  *Id.* at ¶ 5; *see also* R. Doc. 49-2 at ¶ 9 (attesting that while photographs were taken by plaintiff on the day of the incident, he has been unable to produce the photographs).
[8]  *See* R. Doc. 49-2 at ¶ 10; R. Doc. 49-3 at ¶ 10.
[9]  R. Doc. 38.
[10]  R. Doc. 49.

(5th Cir. 1985). If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to material admissible in evidence or capable of being made admissible, set out specific facts showing that a genuine issue exists. *See id.* at 324; Fed. R. Civ. P. 56(c)(1)(A), (c)(2)(B). The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*

## III. DISCUSSION

Where, as here, jurisdiction is based on diversity, the Court applies the substantive law of the forum state. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Under Louisiana law, merchants must "exercise reasonable care to keep [their] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6. "This duty includes a reasonable effort

3

to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.*

A plaintiff seeking damages against a merchant for a slip-and-fall bears the burden of proving that: (1) the condition on the merchant's premises created an unreasonable risk of harm and the risk was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the incident; and (3) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). The burden falls squarely on the plaintiff to establish these elements and plaintiff's failure to prove any one element is fatal to his cause of action. *Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533, 535 (5th Cir. 2018) (per curiam).

Defendant seeks summary judgment dismissing plaintiff's complaint on the grounds that plaintiff cannot prove (1) that water was present on the floor and presented an unreasonably dangerous condition, and (2) that Home Depot knew or should have known of the presence of water prior to the alleged fall.[11] In response, plaintiff provides his and his wife's affidavits attesting to the condition of the floor, and photographs of the Home Depot store on dates four and five years after the incident, which plaintiff and his

---

[11]    See R. Doc. 38.

wife attest are representative of the condition present on the date of the incident.[12] Plaintiff also directs the Court to a Louisiana Fourth Circuit Court of Appeal case which he argues establishes that he has pointed to sufficient evidence of constructive notice.[13]

Pretermitting discussion of the whether plaintiff can establish an unreasonably dangerous condition, plaintiff has not raised an issue of material fact that Home Depot had actual or constructive notice of the alleged hazardous water. Plaintiff does not allege that Home Depot created the hazard. He does not argue that Home Depot had actual notice of it. Instead, plaintiff relies on constructive notice.

La. R.S. 9:2800.6 provides that constructive notice "means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had reasonable care." La. R.S. 9:2800.6(C)(1). To establish constructive notice, plaintiff must make a positive showing that the condition existed for some time prior to the incident. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall

---

[12] See R. Docs. 49-2, 49-3.
[13] See R. Doc. 49.

has not carried the burden of proving constructive notice as mandated by the statute." *Id.*

At best, plaintiff has pointed to sufficient material to create an issue of fact that the condition existed. However, plaintiff has not pointed to any material capable of being admitted in evidence that creates an issue of material fact as to *how long* the hazardous condition was there. As such, plaintiff has not created an issue of material fact that the condition existed for such a length of time as would reasonably require a Home Depot employee to have discovered it. Plaintiff's argument is that the Court can infer constructive notice based on it having rained on the day of the incident. In support, plaintiff points to *Oalmann v. K-Mart Corp.*, 630 So. 2d 911 (La. App. 4th Cir. 1993), a case in which the Louisiana Fourth Circuit Court of Appeal affirmed judgment in favor of a slip-and-fall plaintiff who had testified that it was "rainy" the day of her fall but provided little other evidence. *Id.* at 913.

This reliance on *Oalmann* is misplaced. Six years after *Oalmann*, the Louisiana Supreme Court found that evidence of rain on the day of a slip-and-fall was insufficient to prove constructive notice. *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188 (La. 1999). In *Kennedy*, the Louisiana Supreme Court held that La. R.S. 9:2800.6 set forth a "clear and unambiguous"

definition of constructive notice which requires more than simply showing that a condition existed. *Id.* at 1191 (quoting *White*, 699 So. 2d at 1084-85).

Here, plaintiff asks the Court to rely on the same evidence that the Louisiana Supreme Court found insufficient in *Kennedy*. The Court will not do so. Plaintiff has pointed to "absolutely no evidence as to the length of time the [water] was on the floor before his accident." *Id.* Plaintiff therefore has failed to raise an issue of material fact in opposition to defendant's motion for summary judgment on an essential element of his claim. Accordingly, the Court must grant defendant's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __16th__ day of December, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE